IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cr-10044-STA-1 |
| | ) |
| JAVIAN GRIFFIN, | ) |
| | ) |
| Defendant. | ) |

**OMNIBUS ORDER ON MOTIONS *IN LIMINE***

Before the Court is a series of pretrial motions *in limine* filed by the United States of America: a Motion *in Limine* to Exclude Improper Evidence of the Victims' Bad Character or Conduct (ECF No. 52); a Motion *in Limine* to Prohibit Defendant From Introducing Evidence Regarding Unrelated Incidents of Prison Violence and Poor Working Conditions (ECF No. 53); a Sealed Motion *in Limine* (ECF No. 54); a Motion *in Limine* to Admit Evidence of Defendant Griffin's Assault of R.C. and Failure to Report (ECF No. 55); and a Motion *in Limine* to Admit Evidence of K.W.'s Gestures to Officers (ECF No. 66).  Defendant Javian Griffin has responded to all of the motions except for the last motion.  The Court's rulings on each of the ripe motions now follows.

## BACKGROUND

The government has set out its factual contentions about the proof in this case in a Trial Brief (ECF No. 51) filed on September 27, 2023.  The Court makes no findings about the facts alleged in the Trial Brief and only recites some of the government's contentions here in order to

1

give context to the issues presented in the motions *in limine*. Briefly, Defendant Javian Griffin is a former tactical officer employed with the Tennessee Department of Correction ("TDOC"). Griffin was a member of the TDOC Strike Force, a unit deployed to TDOC facilities to handle challenging situations requiring the use of force like cell extractions and inmate riots. On June 13, 2020, Griffin was assigned duties at the Northwest Correctional Complex in Tiptonville, Tennessee. K.W. was an inmate at the prison. K.W. suffers from mental health issues including bipolar disorder and schizophrenia. Griffin and other members of the Strike Force were tasked with escorting K.W. as part of a transfer to a new cell. At some point in the process, Griffin exchanged words with K.W. and later punched K.W. in the face, breaking his jaw and several of K.W.'s teeth. Moments later, Griffin also struck another inmate identified by his initials, R.C.

On June 16, 2022, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Defendant Javian Griffin charging him with one count of willfully depriving an inmate at the Northwest Correctional Complex of his constitutional rights in violation of 18 U.S.C. § 242 and one count of falsifying records in the course of a federal investigation in violation of 18 U.S.C. § 1519. Griffin has pleaded not guilty to the charges. The Court held a pretrial conference with counsel on October 2, 2023. A jury trial is currently set to begin October 10, 2023.

**STANDARD OF REVIEW**

Under Federal Rule of Evidence 401, "evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless prohibited by the Constitution, a federal statute, the Federal Rules of Evidence, or "other

rules prescribed by the Supreme Court." Fed. R. Evid. 402. Irrelevant evidence is inadmissible. *Id*. A motion *in limine* is a pretrial request "for guidance by the court on an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), usually "that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary (11th ed. 2019).

District courts are not required to rule on motions *in limine*. *Luce*, 713 F.2d at 1239 (citing *New Jersey v. Portash*, 440 U.S. 450, 462 n.1, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979) (Powell, J. concurring). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). When a court exercises its discretion and rules on a motion *in limine*, its ruling on admissibility is provisional. *Luce*, 713 F.2d at 1239. The court remains free to change its ruling, "for whatever reason, when the evidence is actually offered and objected to at trial." *Id*.; *see also United States v. Labona*, 689 F. App'x 835, 839 (6th Cir. 2017) ("Moreover, a court is well within its discretion to reverse a pretrial evidentiary ruling to account for the changing dynamics of a trial."). A ruling *in limine* is "no more than a preliminary, or advisory, opinion" that the court may change as "facts may . . . come to the district court's attention which it did not anticipate at the time of its initial ruling." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239). "The valuable benefit" of a ruling on a motion *in limine* is giving the parties the "ability to prepare trial strategy with knowledge of the court's probable ruling on admissibility." *Luce*, 713 F.2d at 1239–40.

## ANALYSIS

**I. Motion *in Limine* to Exclude Improper Evidence of the Victims' Bad Character or Conduct (ECF No. 52)**

In its first Motion *in Limine*, the government seeks an evidentiary ruling to prevent Griffin from introducing evidence of the criminal history or bad conduct of the two individuals: K.W., an inmate at the prison whom Griffin allegedly assaulted as charged in count 1 of the indictment; and R.C., a second person whom Griffin allegedly assaulted but whose assault is not charged in the indictment. K.W., the victim identified in the indictment, was serving a term of imprisonment for aggravated domestic assault. As the Court has already noted, K.W. suffers from mental health issues, including bipolar disorder and schizophrenia. Griffin's other alleged victim, R.C., was serving a sentence for felony murder and attempted aggravated robbery. The government argues that proof of both alleged victims' prior convictions will only be admissible as impeachment evidence if the victim testifies at trial and then only to introduce the charge, date of the charged conduct, and the disposition of the charge.

As a general proposition, the government's point is true. Federal Rule of Evidence 609(a)(1) permits a party to attack a witness's character for truthfulness by evidence of a criminal conviction. Fed. R. Evid. 609(a)(1). Proof of a felony conviction must be admitted, subject to Rule 403 balancing, against a witness in a criminal case. Fed. R. Evid. 609(a)(1)(A). The fact of a prior conviction will obviously be relevant if K.W. or R.C. testify at trial, though the government has not indicated whether either victim will testify against Griffin. As a preliminary matter, the Court concludes then that the fact of a prior conviction would be admissible only to call their character for truthfulness into doubt. Fed. R. Evid. 609(a)(1).

The other issue presented in the government's motion is whether Griffin can introduce evidence of K.W. or R.C.'s other bad acts under Rule 404(b). The government argues that any character evidence about K.W. or R.C. to suggest a propensity for violence should be inadmissible.

4

Rule 404(b)(1) makes "[e]vidence of any other crime, wrong, or act" inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Courts generally refer to this kind of proof as "other acts" evidence or "extrinsic" evidence. *Huddleston v. United States*, 485 U.S. 681, 685–86, 108 S.Ct. 1496 (1988) ("Federal Rule of Evidence 404(b)—which applies in both civil and criminal cases—generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge.").

The government's motion seeks to exclude what the Sixth Circuit has dubbed "reverse 404(b) evidence." *United States v. Daneshvar*, 925 F.3d 766, 779 (6th Cir. 2019) (citing *United States v. Lucas,* 357 F.3d 599, 605 (6th Cir. 2004)); *see also United States v. Clark*, 377 F. App'x 451, 458 (6th Cir. 2010). Reverse 404(b) evidence is "evidence of a prior act by another [that] is offered as exculpatory evidence by the defendant, instead of being used by a prosecutor against a defendant." *Lucas*, 357 F.3d at 605 (citing *United States v. Hill,* 322 F.3d 301, 308 (4th Cir. 2003)). Whether the "other acts" concern prior conduct of the accused or is better described as "reverse 404(b) evidence," the same standards apply. *Daneshvar*, 925 F.3d at 779 (collecting cases).

Rule 404(b)(2) allows the use of the "other acts" evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b)(3) requires the proponent of the evidence to give pretrial notice of the proponent's intent to use the proof at trial. Rule 404(b)(3) (requiring that the notice be in writing and include an explanation of "the permitted purpose" by which the proponent intends to introduce the proof). The government argues Griffin cannot show

5

a "permitted purpose" for introducing evidence of prior bad acts committed by K.W. or R.C. There is no evidence to suggest that Griffin acted in self-defense or that either victim was behaving violently at the time of the assaults. Griffin has responded that the Court should reserve ruling on this issue until trial.

The Court has some difficulty seeing how reverse 404(b) evidence could be admitted for a permitted purpose. For his part Griffin has not made a pretrial disclosure to indicate he even intends to use any "other acts" evidence in this case, much less disclosed what the "other acts" might be. Without a clearer indication of how the evidence could be relevant, the Court cannot make even a preliminary determination of whether the proof is admissible or inadmissible. Therefore, the Court will reserve its ruling on this point for trial.

**II. Motion *in Limine* to Prohibit Defendant From Introducing Evidence Regarding Unrelated Incidents of Prison Violence and Poor Working Conditions (ECF No. 53)**

Next, the United States seeks an evidentiary ruling to prohibit Griffin from introducing proof about prison violence and the conditions of his employment as a tactical officer at a correctional facility. As part of its burden of proof, the prosecution must show that Griffin had no penological justification for his use of force on K.W. The government argues that in deprivation of rights cases of this sort, correctional officers sometimes attempt to justify their actions by referring to prior experiences with violence in prisons or the stress of working in corrections. The question for the jury will be whether Griffin acted reasonably under the circumstances he confronted at the time of the assault, not whether other unrelated episodes of violence justified his actions. Even if the evidence had minimal relevance, the risk of unfair prejudice would substantially outweigh its probative value under Rule 403. A line of proof about general conditions in prison is really just a plea for jury nullification. Therefore, the Court should

exclude evidence of this kind.

The government's argument is a general argument of relevance under Rule 402. The Court has no indication that Griffin will raise proof of this sort as part of his defense, a point the government basically concedes in its brief. The government seeks the exclusion of evidence of this sort based on similar or typical cases involving the use of force in correctional settings. The Court simply needs to hear more proof before deciding whether the evidence would be admissible. Therefore, the Court will take this motion under advisement and reserve its ruling for trial.

**III. Sealed Motion *in Limine* (ECF No. 54)**

The United States asks the Court to exclude certain confidential information from the proof at trial. Because of the nature of the information, the government filed its motion under seal. On October 5, 2023, the Court held a hearing on Griffin's motion to continue the trial. In the course of the hearing, counsel for Defendant stated that he did not intend to introduce the evidence identified in the sealed motion. Based on counsel's representations in open court, the Court will **GRANT** the government's sealed motion (ECF No. 54).

**IV. Motion *in Limine* to Admit Evidence of Defendant Griffin's Assault of R.C. and Failure to Report (ECF No. 55)**

Next, the United States seeks a ruling on the admissibility of evidence concerning Griffin's uncharged assault on a second victim, R.C. By way of background, the government argues that the proof will show Griffin assaulted K.W. first and then moments later assaulted R.C. The government contends that the second assault is intrinsic to the proof surrounding the first assault and is directly relevant to Griffin's state of mind at the time. Griffin allegedly assaulted K.W. and then challenged other inmates in the pod when R.C. responded verbally. At that point Griffin directed another correctional officer to open the door to R.C.'s cell, entered the cell, and began to

7

attack R.C. After the incident, Griffin failed to complete a use of force report to disclose his encounter with R.C. In the government's view, the close temporal proximity between the two assaults makes the assault on R.C. *res gestae* with the assault on K.W. The fact that Griffin attacked R.C. without provocation and then apparently attempted to cover up the second assault by not reporting it is relevant to the willfulness of Griffin's conduct and his lack of penological justification. Griffin answers that the other alleged assault is highly prejudicial and lacks any justification under Rule 404(b).

As the Court has already noted, Rule 404(b) governs the use of "other acts" evidence including uncharged conduct. "Rule 404(b) does not apply when the prior bad act forms the basis of the charges for which a defendant is being tried," *United States v. Sadler*, 24 F.4th 515, 554 (6th Cir. 2022), or is "part of a continuing pattern of illegal activity." *United States v. Adams*, 722 F.3d 788, 822 (6th Cir. 2013) (quoting *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995))). In other words, if evidence is "intrinsic," Rule 404(b) will not apply as long as the acts "are part of a single criminal episode." *Sadler*, 24 F.4th at 554 (quotation omitted). "Intrinsic acts are those that are a part of the criminal activity, as opposed to extrinsic acts, which are those that occurred at different times under different circumstances from the offense charged." *Id.* (cleaned up).

The government also argues that proof of Griffin's alleged assault on R.C. qualifies as *res gestae* evidence. "A similar but distinct doctrine involves an exception to Rule 404(b) for *res gestae*, or background, evidence." *Id.* (citing *Adams*, 722 F.3d at 810). *Res gestae* is proof of "of those other acts that are inextricably intertwined with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Typically, such evidence is a prelude to the charged

8

offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense."  *Sadler*, 24 F.4 at 555 (quoting *Hardy*, 228 F.3d at 748).  *Res gestae* evidence is strictly confined to "other acts" with "temporal proximity, causal relationship, or spatial connections" to the charged offense.  *Adams*, 722 F.3d at 810 (quoting *Clay*, 667 F.3d at 698).[1]

The Court preliminarily holds that evidence of Griffin's alleged assault on R.C. was "part of a single criminal episode" and therefore intrinsic to his charged conduct.  *Sadler*, 24 F.4th at 554.  As far as the government's recitation of the evidence shows, Griffin allegedly attacked R.C. within moments of the attack on K.W.  Griffin specifically targeted R.C. after Griffin allegedly assaulted K.W. and then threw down a challenge to other inmates in the pod.  The government intends to prove that R.C. made a verbal response to Griffin, at which point Griffin had the door to R.C.'s cell opened and entered the cell to physically confront R.C.  The government will also introduce evidence that Griffin did not properly report the physical encounter with R.C. and misrepresented the kind of force he employed in his encounter with K.W.  The Court concludes that evidence of Griffin's alleged assault on R.C. is intrinsic to the alleged assault on K.W. and relevant to proving Griffin's mental state during the attacks and as he prepared an incident report

---

[1] In *Sadler*, the Sixth Circuit remarked in a footnote that the Court of Appeals had "not always been clear when distinguishing between *res gestae* and intrinsic evidence."  *Sadler*, 24 F.4th at 555 n.11.  Even though "the two concepts are distinct," the caselaw had "merged the two."  *Id.* (collecting cases).  In fact, "the distinctions among *res gestae*, inextricably intertwined evidence, intrinsic evidence, and background evidence are far from clear."  *Id.* (quoting *Adams*, 722 F.3d at 822 n.26).  The *Sadler* panel found it unnecessary for purposes of its decision in that appeal to delve further into the distinctions.  Because the Court holds that the proof is intrinsic, the Court need not also decide whether the proof meets the *res gestae* test.

following the attacks. Therefore, the government's motion is **GRANTED**.

**V. Motion *in Limine* to Admit Evidence of K.W.'s Gestures to Officers (ECF No. 66)**

Finally, the government requests a preliminary ruling on the admissibility of proof about the aftermath of Griffin's alleged assault on K.W. The government asserts that the evidence will show another tactical officer found K.W. following a shift change and observed swelling and bleeding in K.W.'s face. When the officer asked K.W. what had happened, K.W. was unable to speak and instead gestured with his hand. K.W. made a fist and moved it towards his face in a simulated punching motion. The officer asked K.W. if an officer or an inmate had struck him, and K.W. shook his head no. The officer then pointed to the Strike Force patch on his uniform, to which K.W. nodded in the affirmative. The government argues that K.W.'s gestures are admissible as excited utterances under Rule 803(2) and as a statement made for purposes of medical treatment Rule 803(4). The gestures are not actually testimonial in nature and therefore raise no Confrontation Clause concerns. So the Court should rule that proof about K.W.'s gestures is admissible.

Griffin has not yet responded to the motion *in limine*. The government filed the motion on October 3, 2023. The Scheduling Order (ECF No. 48) gives Griffin until 4:00 p.m. on Friday, October 6, 2023, to file his response. Scheduling Order Mar. 23, 2023 (giving the parties until the close of business on the Tuesday prior to trial to file motions *in limine* and the Friday afternoon prior to trial to respond to motions *in limine*). At the October 5, 2023, hearing on Griffin's motion to continue the trial, counsel for Defendant informed the Court he intended to file a written response to the motion. Because the parties have fully briefed the issues in the government's other motions *in limine*, the Court will proceed to issue its rulings on those motions. The Court

will take up the government's motion *in limine* on the admissibility of K.W.'s hand gestures at trial and after Griffin has had a full opportunity to respond.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: October 6, 2023.